Filed 9/28/22  P. v. Cea CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHN L. CEA,<br><br>        Defendant and Appellant. | A163879<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRCR202036679 &<br>SCUKCRCR2020368942) |

Defendant and Appellant John L. Cea (Appellant) seeks remand for resentencing under amendments to Penal Code section 1170, subdivision (b).[1] Respondent properly concedes that remand is appropriate.

PROCEDURAL BACKGROUND

In April 2021, the Mendocino County District Attorney filed an information (case number SCUKCRCR2020368942) charging Appellant with second degree robbery (§§ 211, 212.5, subd. (c); count one); driving against traffic while evading a police officer (Veh. Code, § 2800.4; count two); and reckless driving while evading a police officer (Veh. Code, § 2800.2, subd. (a); count three).  In a separate information filed the same day (case number

---

[1] All undesignated section references are to the Penal Code.

1

SCUKCRCR202036679), the district attorney charged Appellant with grand theft (§ 487, subd. (a)).

In July 2021, Appellant entered open no contest pleas to robbery and grand theft. Pursuant to the plea agreement, the trial court dismissed the remaining counts in case number SCUKCRCR2020368942.

In September 2021, the trial court denied probation and sentenced Appellant to a term of five years and eight months in prison, composed of the five-year upper term for robbery and eight consecutive months (one-third of the middle term) for grand theft. In imposing the upper term for robbery, the court appeared to rely on aggravating factors identified in the probation report and prior convictions listed in the report.

The present appeal followed.

## FACTUAL BACKGROUND

Defense counsel stipulated to the following factual basis for Appellant's pleas as stated by the prosecutor: "[O]n October 23, 2020, the defendant stole an ATM cassette from the owner. [¶] It contained $32,000 in cash, and the cassette was worth approximately $500. He took this without permission, and permanently deprived the owner of that money and cassette. . . . [¶] [O]n December 8, 2020, the defendant and another defendant, Christian Flores, who has already been sentenced, arranged to do a marijuana deal at the Burger King in Willits. [¶] And when the seller brought the marijuana to the location, this defendant and his codefendant took that marijuana by force and fear from the seller, and then fled the scene."

## DISCUSSION

"Effective January 1, 2022, our determinate sentencing law, section 1170, was amended in several fundamental ways. (See Sen. Bill No. 567 (2020–2021 Reg. Sess.); Stats. 2021, ch. 731, § 1.3; Assem. Bill No. 124 (2020–

2

2021 Reg. Sess.); Stats. 2021, ch. 695, § 5.) Relevant here, Senate Bill No. 567 amended section 1170, former subdivision (b) by making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist. (Stats. 2021, ch. 731, § 1.3, adding Pen. Code, § 1170, subd. (b)(1), (2).) This bill also created a presumption in favor of a low prison term when a defendant is under 26 years of age at the time of the offense. (Stats. 2021, ch. 695, § 4, adding Pen. Code, § 1016.7; Stats. 2021, ch. 695, § 5.1, adding Pen. Code, § 1170, subd. (b)(6)(B).)" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038, fn. omitted (*Flores*).) As the parties agree, "the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal." (*Flores*, at p. 1039.)

The first change relevant in the present case is to section 1170, subdivision (b)(2), which now provides that a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), added by Stats. 2021, ch. 731, § 1.3.) Also relevant is section 1170, subdivision (b)(3), which now provides, "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3), added by Stats. 2021, ch. 731, § 1.3.)

In the present case, the parties agree the trial court imposed the upper term based on aggravating factors identified by the probation department that were not stipulated to by Appellant or found true beyond a reasonable doubt at trial. The parties also agree the trial court considered Appellant's alleged prior convictions based on the information in the probation report without reviewing any certified records of conviction. Respondent does not argue this court could find the error was harmless. (See *People v. Wandrey* (2022) 80 Cal.App.5th 962, 982.) As the parties agree, it is appropriate to remand for resentencing. (*Id.* at p. 983.)

The second change relevant in the present case is to section 1170, subdivision (b)(6), which now provides "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] ... [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6); see § 1016.7, subd. (b) ["A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed"].) The parties agree Appellant was under 26 years old when he committed the offenses at issue on appeal. The parties further agree it is appropriate to remand for the trial court to apply section 1170, subdivision (b)(6) in the first instance. (*Flores*, *supra*, 73 Cal.App.5th at p. 1039.)

## DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court for resentencing under the amended version of section 1170, subdivision (b).

4

_____
SIMONS, J.

We concur.

_____
JACKSON, P. J.

_____
WISEMAN, J.*

(A163879)

_____

     * Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.